**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JCT SOLUTIONS,<br><br>Plaintiff,<br><br>v.<br><br>WESCO DISTRIBUTION, INC., RFIDCOLLECT, LLC, ABC CORPS 1–10, and JOHN DOES 1–10,<br><br>Defendants. | No. 25cv18571 (EP) (JSA)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Plaintiff JCT Solutions brings this action against Defendants Wesco Distribution Inc. ("Wesco") and RFIDCollect, LLC ("RFID") for breach of contract, malicious misrepresentation, negligent misrepresentation, consumer fraud, and a promise causing detrimental reliance. D.E. 1-1 ("Complaint" or "Compl.") at 4–13.[1]

After Plaintiff commenced this action in the Superior Court of New Jersey, Union County, Law Division, Wesco filed a notice of removal. D.E. 1 ("Notice of Removal" or "Notice"). Presently before the Court is Plaintiff's motion to remand, in which it argues that Wesco failed to obtain RFID's consent as required by 28 U.S.C. § 1446(b)(2)(A). D.E. 9-2 ("Motion" or "Mot.").[2]

---

[1] The Court uses the page numbers automatically generated by CM/ECF. Plaintiff brings these same claims against fictitious Defendants ABC Corps 1–10 and John Does 1–10, entities unknown to Plaintiff at the time of filing who engaged in unlawful conduct against Plaintiff. Compl. ¶¶ 73–76.

[2] Plaintiff's notice of motion for its Motion is filed at D.E. 9. The Court refers to Plaintiff's brief in support of its Motion as the Motion.

Plaintiff also seeks attorney fees and costs. *Id.* Wesco opposes, D.E. 10 ("Opposition" or "Opp'n"), and Plaintiff replies, D.E. 12 ("Reply").

The Court decides the Motion without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1(b). As explained below, Plaintiff did not satisfy New Jersey's mandatory prerequisites for serving RFID outside of New Jersey, and therefore, RFID was not "properly joined and served" when Wesco removed the action. Wesco therefore did not need RFID's consent to remove, and removal was otherwise proper. The Court will accordingly **DENY** the Motion and **DENY** Plaintiff's request for fees and costs.

## I. BACKGROUND

During the COVID-19 pandemic, Plaintiff, a telecommunications vendor, contracted with Hudson County Corrections ("HCC") to implement a contact-tracing system at its facility.[3] Compl. ¶¶ 7, 22. To perform that contract, Plaintiff purchased from Wesco what it believed was a contact-tracing application (the "Application"). *Id.* ¶¶ 25, 32. Wesco, in turn, purchased the Application from RFID. *Id.* ¶ 23. Defendants knew about Plaintiff's contract with HCC and represented that the Application could perform contact tracing. *Id.* ¶ 24.

After the Application was installed at HCC's facility, Plaintiff alleges that it proved to be an asset-tracking application incapable of contact tracing. *Id.* ¶¶ 26–27. HCC terminated its contract with Plaintiff, and Plaintiff sued Wesco and RFID on October 30, 2025. *Id.* ¶¶ 28–35. The Complaint asserts claims for (1) breach of contract, (2) malicious misrepresentation,

[3] Contact tracing was a practice used by businesses and organizations during the pandemic to limit the spread of COVID-19. Compl. ¶¶ 20–21. Contact tracing systems identified individuals who were recently exposed to the virus and informed them of the precautions that needed to be taken to limit spreading the virus. *Id.*

(3) negligent misrepresentation, (4) consumer fraud, and (5) a promise causing detrimental reliance. *See* Compl.

On November 5, 2025, Plaintiff attempted to serve RFID by delivering the summons and Complaint to its listed resident agent, the Maryland State Department of Assessments and Taxation (the "Department"). D.E. 1-2 ("Affidavit of Service"); D.E. 12-3. An intake specialist at the Department accepted the papers, and the process server later executed the Affidavit of Service. The state court docket reflected the filing before Wesco removed the action to this Court. Affidavit of Service at 4.

On December 5, 2025, Wesco contacted RFID regarding the lawsuit. D.E. 10-2, Ex. A ¶ 6. During this call, RFID's Executive Vice President, Tim Buckley, told Wesco that RFID had not been served. *Id.* Upon learning that Wesco intended to remove this action to federal court, Buckley orally communicated RFID's consent and support for this plan while maintaining that RFID had not been served. *Id.* ¶ 8.

Wesco filed the Notice of Removal on December 12, 2025. *See* Dkt. The Notice identifies RFID as a defendant, relies on RFID's citizenship to establish diversity, and attaches the Affidavit of Service. Notice ¶¶ 5, 12, 14; Affidavit of Service. But it says nothing about whether RFID joined in or consented to removal.

Plaintiff moved to remand on January 8, 2026. RFID did not directly notify the Court of its consent until February 16, 2026, when it filed a letter joining Wesco's Opposition. D.E. 15. RFID acknowledged that the Complaint "may have been properly served upon RFID's Maryland-based agent," but stated that the papers were not forwarded to its correct business address. *Id.*

## II. LEGAL STANDARD

Federal district courts have original jurisdiction over civil actions between citizens of different States when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). A defendant may remove such an action from state court to the federal district court embracing the place where the action is pending. *Id.* § 1441(a).

When an action is removed under § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A). This is known as the rule of unanimity. A failure to obtain the consent of a defendant who was properly joined and served is a procedural defect that may support remand if raised within thirty days after removal. 28 U.S.C. § 1447(c); *Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 & n.4 (3d Cir. 1995). The rule of unanimity, however, does not require the consent of a defendant who had not been properly served when the notice of removal was filed. *See* 28 U.S.C. § 1446(b)(2)(A); *Balazik*, 44 F.3d at 213 n.4.

The removing defendant bears the burden to establish both federal jurisdiction and compliance with the statutory removal procedures. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). Because removal implicates federalism concerns, courts strictly construe the removal statutes and resolve genuine doubts in favor of remand. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

"After removal, a plaintiff may move to remand the case if the removal was defective, including that removal was untimely, or the district court lacks subject matter jurisdiction." *Trinity Life Ins. Co. v. 248 Brynmore Rd LLC*, No. 23-20548, 2024 WL 3070205, at *3 (D.N.J. June 20, 2024) (citing 28 U.S.C. § 1447(c)); *Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp.*, 66

F.3d 46, 48 (3d Cir. 1995). A motion to remand based on procedural defects must be filed within thirty days after the filing of the notice of removal. 28 U.S.C. § 1447(c).

## III. DISCUSSION

The Motion turns on one question: was RFID properly served before Wesco filed the Notice of Removal? It was not. Plaintiff delivered process to RFID's Maryland resident agent, but that service did not first satisfy New Jersey's mandatory procedure for resorting to out-of-state service. Because RFID was not properly served, § 1446(b)(2)(A) did not require RFID to join in or consent to Wesco's removal.

### A. RFID Was Not Properly Served

Whether a defendant was properly served before removal is determined under the law governing service in the state action. *Granovsky v. Pfizer, Inc.*, 631 F. Supp. 2d 554, 560 (D.N.J. 2009). Thus, although Federal Rule of Civil Procedure 4 governs service in this action *after* removal, it does not retroactively validate service attempted while the action was pending in state court. The Court accordingly applies New Jersey's service rules to determine whether RFID was properly served before this action was removed.[4] *See Advanced Surgery Ctr. v. Conn. Gen. Life Ins. Co.*, No. 12-2715, 2012 WL 3598815, at *4–9 (D.N.J. July 31, 2012), *report and recommendation adopted*, 2012 WL 3598799 (D.N.J. Aug. 21, 2012).

New Jersey makes personal service within the State the primary method of obtaining in personam jurisdiction. N.J. Ct. R. 4:4-4(a), 4:4-5(a). For a limited liability company like RFID, Rule 4:4-4(a)(6) permits service on a member, officer, director, trustee, managing or general agent, or another person authorized by appointment or law to receive process. Before serving a defendant

[4] Plaintiff's reliance on Federal Rule of Civil Procedure 4(h)(1)(B) to support service on RFID is misplaced. That rule permits service on an entity by delivering process to an authorized agent and governs service in federal court. However, it does not displace the New Jersey rules that governed service while this action remained in the Superior Court. *See Granovsky*, 631 F. Supp. 2d at 560.

outside New Jersey, however, a plaintiff must establish, by an affidavit satisfying Rule 4:4-5(b), that "despite diligent effort and inquiry," personal service could not be made in New Jersey under Rule 4:4-4(a). N.J. Ct. R. 4:4-4(b)(1); *Burgos v. Int'l Vacation Club*, *Ltd.*, No. 1721-09, 2012 WL 787385, at *2 (N.J. Super. Ct. App. Div. Mar. 13, 2012) ("If a defendant cannot be personally served within the State, in personam jurisdiction can only be obtained by mail or personal service outside the State '[i]f it appears by affidavit satisfying the requirements of R. 4:4–5(b) that despite diligent effect and inquiry personal service cannot be made in accordance with [Rule 4:4–4(a)].'" (quoting R. 4:4–4(b)(1)) (alteration in *id.*). Only then may the plaintiff obtain personal jurisdiction through personal service outside the State. N.J. Ct. R. 4:4-4(b)(1)(A).

Indeed, New Jersey courts have made clear that "[t]he filing of an affidavit of inquiry is not a mere technicality—it is a mandatory jurisdictional requirement." *Burgos*, 2012 WL 787385, at *2. Absent that affidavit, service outside New Jersey under Rule 4:4-4(b)(1) does not confer in personam jurisdiction. For instance, in *Advanced Surgery Center*, a plaintiff's personal delivery of the summons and complaint to a corporate employee in Connecticut was deemed defective because the plaintiff had not first filed the required affidavit showing that in-state service could not be accomplished. 2012 WL 3598815, at *4–6. Similarly, in *Lukasewicz v. Valtris Specialty Chemical Company*, another court in this District concluded that an out-of-state defendant was not properly served because the plaintiff failed to file an affidavit of diligent inquiry. No. 21-4128, 2021 WL 1997397, at *4 (D.N.J. May 17, 2021).

The record supports Plaintiff's position that, on November 5, 2025, the Department was listed as RFID's resident agent and that an intake specialist there accepted the summons and Complaint. Affidavit of Service; D.E. 12-3; D.E. 10-2, Ex. C. The Court therefore need not decide

whether RFID later changed its principal place of business, whether the Department forwarded the papers to the correct address, or whether RFID learned of the suit in November or December.

However, the parties' dispute about RFID's Maryland addresses misses the decisive issue. Because Plaintiff filed the action in New Jersey state court, New Jersey law controlled how Plaintiff could bring RFID under that court's authority. *Granovsky*, 631 F. Supp. 2d at 560. Plaintiff attempted only personal service outside New Jersey. Under Rule 4:4-4(b)(1)(A), that method of service was only available for Plaintiff after filing an affidavit satisfying Rule 4:4-5(b) showing that, despite diligent effort and inquiry, personal service could not be made in New Jersey under Rule 4:4-4(a). The record contains no such affidavit. The Affidavit of Service shows only that process was delivered to the Department on November 5, 2025. It does not describe any effort to accomplish service in New Jersey, explain why such service could not be made, identify the sources consulted, or otherwise satisfy Rule 4:4-5(b). Proof of out-of-state delivery is not proof of entitlement to use that method.

Even assuming RFID received actual notice before removal, the lack of an affidavit of diligent inquiry is fatal. *Advanced Surgery Center* rejected the argument that receipt and actual notice can cure noncompliance with New Jersey's service rules. 2012 WL 3598815, at *4–6. Because Rule 4:4-4(b)(1)'s affidavit requirement is a mandatory condition of obtaining personal jurisdiction through out-of-state service, the attempted service there remained defective even though the defendant received the papers and knew of the lawsuit. *Id.* The same is true here. Plaintiff used an out-of-state method without first establishing its entitlement to do so. Thus, even if RFID learned of the suit from Wesco, actual notice did not obligate RFID to respond or otherwise participate before it was properly served.

Finally, RFID did not waive the defect before removal. The record does not show that RFID accepted service, entered a general appearance in state court, filed a responsive pleading, or otherwise invoked the state court's authority before the action was removed. RFID's later participation in federal court—including the February 16, 2026 letter joining Wesco's opposition—cannot retroactively convert the defective state-court service into proper service as of the removal date. Under § 1446(b)(2)(A), the key issue is whether RFID had been properly served when Wesco removed the action. Because Plaintiff's November 5, 2025 attempt to serve RFID did not comply with New Jersey Rule 4:4-4(b)(1), RFID was not properly served.

### B. Wesco Did Not Violate the Rule of Unanimity

As noted above, the rule of unanimity applies only to defendants "properly joined and served." 28 U.S.C. § 1446(b)(2)(A); *Guida v. Positec Tool Corp.*, No. 20-4833, 2021 WL 5545958, at *1 n.2 (E.D. Pa. Mar. 16, 2021). When Wesco filed the Notice of Removal, RFID had not been properly served. RFID's consent was therefore not a statutory prerequisite to removal. *Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009). Thus, as the only properly served Defendant, Wesco did not need any other party's consent to remove.

The other components of removal are not challenged. Wesco removed the action within thirty days after accepting service, and Plaintiff does not dispute complete diversity or the amount in controversy. Notice ¶¶ 3–22. Because removal was otherwise proper, the Court will **DENY** the Motion.

### C. Plaintiff Is Not Entitled to Fees or Costs

Section 1447(c) permits an award of fees and costs only in an order remanding a case. 28 U.S.C. § 1447(c). Because the Court will not remand this action, it will **DENY** Plaintiff's request for fees and costs.

## IV. CONCLUSION

For the reasons stated above,

**IT IS**, on this 31st day of August, 2026,

**ORDERED** that Plaintiff's Motion, D.E. 9, is **DENIED**; and it is further

**ORDERED** that Plaintiff's request for attorney fees and costs is **DENIED**; and it is further

**ORDERED** that, within **45 days** of this Order, Plaintiff shall properly serve RFID.

**/s/ Evelyn Padin**

Evelyn Padin, U.S.D.J.